UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN JOSE GARCIA LOPEZ<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY<br>Respondent. | No. 1:26-cv-05318-DJC-AC<br><br><u>ORDER</u> |

Petitioner Juan Jose Garcia Lopez is a noncitizen detainee proceeding under a pro se Petition for Writ of Habeas Corpus. (Pet. (ECF No. 1).) The Court directed Respondents to show cause as to why the Court should not grant by filing a return as provided in 8 U.S.C. § 2243, and Respondents submitted a motion to dismiss. (Order (ECF. No. 4); Opp'n (ECF No.7).).

Petitioner, a noncitizen originally from Cuba, is presently in the custody of Immigration and Customs Enforcement ("ICE"). (Opp'n at 1.) Petitioner lost his Lawful Permanent Resident status due to his criminal activity, and an Immigration Judge issued a final removal order on October 27, 1992. (Opp'n, Ex. 1, at 8.) The records submitted by Respondents show that on March 24, 2003, after serving a sentence for cocaine possession, Petitioner was taken into ICE custody; he was released on an Order of Supervision on July 22, 2003. (*Id.* at 8–9.) On November 26, 2014, Petitioner

was taken back into ICE custody after serving a sentence for second-degree murder and was once again released on an Order of Supervision on May 27, 2015. (*Id.* at 9.) On January 15, 2026, ICE took Petitioner into custody a third time after he served a sentence for possession of a firearm by a convicted felon. (Declaration of Deportation Officer Noah Kichak ("Kichak Decl." (ECF No. 7-1) ¶ 14–15.)

It is undisputed that Petitioner is subject to a final removal order. As such, ICE has the authority to detain Petitioner to effectuate his removal as a non-citizen. *See Phan v. Becerra*, No. 2:25-cv-01757-DC-JDP, 2025 WL 1993735, at *3 (E.D. Cal. July 16, 2025); *see also* 8 U.S.C. § 1231. Respondents assert that Petitioner's present detention is valid under 8 U.S.C. § 1231(a)(6). (Opp'n at 1.) However, 8 U.S.C. § 1231(a)(6) does not provide a legal basis to revoke a release by re-detaining an individual who was released prior while still subject to a removal order. *Ciuciu v. Warden*, California City Corr. Ctr., No. 1:26-cv-03274-DJC-JDP, 2026 WL 1261638, at *1 (E.D. Cal. May 7, 2026).

As discussed, Petitioner was previously released from custody on two separate occasions after he was already subject to a removal order. Where a noncitizen subject to a final order of removal has been released, revocation of that release is governed not by the *Zadvydas* burden shifting framework, but by 8 C.F.R. § 241.13(i). *See Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *3 (E.D. Cal. July 16, 2025). Section 241.13(i)(2) provides that such revocation is permissible "if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." The Court may not, in the first instance, make an individualized finding that a change in circumstances has occurred. *See Hoac*, 2025 WL 1993771, at *3. Instead, "when ICE revokes release to effectuate removal, it is ICE's burden to show a significant likelihood that the alien may be removed." *Vu v. Noem*, No. 1:25-cv-01366-KES-SKO, 2025 WL 3114341, at *5 (E.D. Cal. Nov. 6, 2025) (cleaned up) (quoting *Escalante v. Noem*, No. 9:25-cv-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025)); *see Nguyen v. Charles*, No.

1:25-cv-01592-TLN-CSK, 2025 WL 3492117, at *3 (E.D. Cal. Dec. 4, 2025). Where ICE has made a determination that a change of circumstances has occurred, the Court reviews that claim in light of the factors described in 8 C.F.R. § 241.13(f). *See Hoac*, 2025 WL 1993771, at *3. These factors include, but are not limited to:

> [T]he history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.

8 C.F.R. § 241.13(f).

As Respondents addressed the incorrect provision, Respondents are HEREBY ORDERED TO SHOW CAUSE on or before August 7, 2026, why the Court should not order Petitioner released based on Respondents' inability to establish that there is a significant likelihood that Petitioner will be removed to a third country in the reasonably foreseeable future. pursuant to 8 C.F.R. § 241.13.[1]

IT IS SO ORDERED.

Dated: **August 4, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC-10-GarciaLopezcv05318.order

[1] As this Court has explained, while Petitioner's refusal to consent to removal could be relevant to the analysis, it is not, on its own, determinative of whether re-detention is permissible. *Llopiz Estrada v. Warden,* No. 1:26-CV-04120-DJC-SCR, 2026 WL 2192272, at *2 (E.D. Cal. July 29, 2026)