UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN JOSE GARCIA LOPEZ<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY<br>Respondent. | No. 1:26-cv-05318-DJC-AC<br><br>RELEASE ORDER<br>A# 020-162-685 |

Petitioner Juan Jose Garcia Lopez is a noncitizen detainee proceeding under a pro se Petition for Writ of Habeas Corpus. (Pet. (ECF No. 1).) Since the Government has not shown that Petitioner's re-detention is lawful under 8 C.F.R. § 241.13, this Court grants the Petition and orders release.

**BACKGROUND**

Petitioner, a noncitizen originally from Cuba, is presently in the custody of Immigration and Customs Enforcement ("ICE"). (Opp'n, Ex. 1 (ECF No. 7) at 8.) Petitioner lost his Lawful Permanent Resident status due to his criminal activity, and an Immigration Judge issued a final removal order on October 27, 1992. (*Id.*) The records submitted by Respondents show that on March 24, 2003, after serving a sentence for cocaine possession, Petitioner was taken into ICE custody; he was released on an Order of Supervision on July 22, 2003. (*Id.* at 8–9.) On November 26,

2014, Petitioner was taken back into ICE custody after serving a sentence for second-degree murder and was once again released on an Order of Supervision on May 27, 2015. (*Id.* at 9.) On January 15, 2026, ICE took Petitioner into custody a third time after he served a sentence for possession of a firearm by a convicted felon. (Declaration of Deportation Officer Noah Kichak ("Kichak Decl." (ECF No. 7-1) ¶ 14–15.)

Petitioner filed a pro se habeas petition, and Respondents submitted a motion to dismiss. (Pet.; Opp'n). The Court ordered Respondents to show cause as to why the Court should not order Petitioner released based on Respondents' inability to establish that there is a significant likelihood that Petitioner will be removed to a third country in the reasonably foreseeable future pursuant to 8 C.F.R. § 241.13. (Order (ECF No. 10).) As the Government has now responded to this Order, the briefing on this matter is complete. (Resp. (ECF No. 11).)

## DISCUSSION

Petitioner has established that his re-detention violates 8 C.F.R. § 241.13(i)(2) and is unconstitutional as it amounts to indefinite detention. It is undisputed that Petitioner is subject to a final removal order. As such, ICE has the authority to detain Petitioner to effectuate his removal as a non-citizen. *See Phan v. Becerra*, No. 2:25-cv-01757-DC-JDP, 2025 WL 1993735, at *3 (E.D. Cal. July 16, 2025); *see also* 8 U.S.C. § 1231.

Petitioner was previously released from custody on two separate occasions after he was already subject to a removal order. Where a noncitizen subject to a final order of removal has been released, revocation of that release is governed by 8 C.F.R. § 241.13(i). *See Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *3 (E.D. Cal. July 16, 2025). Section 241.13(i)(2) provides that such revocation is permissible "if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." The Court may not, in the first instance, make an individualized

finding that a change in circumstances has occurred. *See Hoac*, 2025 WL 1993771, at *3. Instead, "when ICE revokes release to effectuate removal, it is ICE's burden to show a significant likelihood that the alien may be removed." *Vu v. Noem*, No. 1:25-cv-01366-KES-SKO, 2025 WL 3114341, at *5 (E.D. Cal. Nov. 6, 2025) (cleaned up) (quoting *Escalante v. Noem*, No. 9:25-cv-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025)); *see Nguyen v. Charles*, No. 1:25-cv-01592-TLN-CSK, 2025 WL 3492117, at *3 (E.D. Cal. Dec. 4, 2025). Where ICE has made a determination that a change of circumstances has occurred, the Court reviews that claim in light of the factors described in 8 C.F.R. § 241.13(f). *See Hoac*, 2025 WL 1993771, at *3. These factors include, but are not limited to:

> [T]he history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.

8 C.F.R. § 241.13(f).

Here, Respondents have not made any meaningful showing that there is a change in circumstances justifying Petitioner's re-detention. Respondents claim that "[t]he only thing preventing Petitioner's removal is his refusal to cooperate"; they state that they have served Petitioner with written notice of intent to remove him to Mexico, but Petitioner repeatedly refused to sign and asserting that were Petitioner to comply they could remove him within seven days. (Opp'n at 1-3.) After the Court ordered Respondents to show changed circumstances pursuant to 8 C.F.R. § 241.13, Respondents argued that the changed circumstances were as follows: that "ICE gave notice to Petitioner of its intent to remove him to Mexico which it had not done in 2015"; that "[t]here are operational pathways for ICE to remove certain aliens to Mexico consistent with 8 U.S.C. § 1231(b)(2)"; and that "[w]ith Petitioner's cooperation,

removal can occur within one week." (Resp. at 1.) Respondents attached a declaration by Deportation Officer Noah J. Kichak, which chronicled Petitioner's immigration and criminal background, listed ICE's repeated efforts to serve Petitioner with notice of intent to remove him to Mexico, and reiterated the arguments made in the accompanying Response. (Declaration of Deportation Officer Noah J. Kichak (ECF No. 11-1) ("Kichak Decl.").)

As this has Court explained in similar cases, "while Petitioner's refusal to consent to removal could be relevant to the analysis, it is not, on its own, determinative of whether re-detention is permissible." *Llopiz Estrada v. Warden*, No. 1:26-cv-04120-DJC-SCR, 2026 WL 2192272, at *2 (E.D. Cal. July 29, 2026). Respondents did not explain how the Government could effectuate removal to Mexico given Petitioner's refusal to cooperate, as removals to Mexico under the standing agreement appear to be contingent on the Cuban national's consent.[1] Therefore, they have not met their burden to show changed circumstances pursuant to 8 C.F.R. § 241.13.

Respondents also take the position that "if Petitioner refuses to cooperate with removal to Mexico without claiming a fear of removal to Mexico, 8 U.S.C. § 1231(a)(1)(C) authorizes the continued detention of a removable alien so long as the alien fails to cooperate fully and honestly with officials." (Opp'n at 5–6; Kichak Decl.

---

[1] Courts have noted that that the standing agreement between the United States and Mexico appears premised on Petitioner's compliance and have therefore held removal based on the standing agreement between the United States and Mexico is not reasonably foreseeable when the noncitizen does not consent to the removal. *Ruiz-Acosta v. Cent. Valley Annex*, No. 1:26-cv-04371-DAD-JDP (HC), 2026 WL 1846727, at *3 (E.D. Cal. June 26, 2026) (noting that the "that standing agreement between the United States and Mexico appears to be contingent upon the non-citizens consent to be removed to Mexico" and holding that the Government "failed to indicate what steps" it "has take to effectuate Petitioner's removal" given "petitioner's refusal to sign the notice"); *Arenado-Borges v. Bondi*, No. 2:25-cv-02193-JNW, 2025 WL 3687518, at *4 (W.D. Wash. Dec. 19, 2025) (noting that Petitioner's refusal to willingly be removed to Mexico "cast further doubt" on the "Government's ability to remove" the Petitioner "in the reasonably foreseeable future") (internal citation omitted); *Rodriguez-Fernandez v. Bondi*, No. 2:26-cv-00170-TMC, 2026 WL 445562, at *3 (W.D. Wash. Feb. 17, 2026) (holding Petitioner's detention was indefinite based on Petitioner's "supported" "contention" that "the Mexican government only accepts individuals who *consent* to removal" and the fact that Petitioner "refused to be removed to Mexico and has declined to sign the Notice of Removal") (internal citation omitted).

¶ 29.) This Court acknowledges that continued detention based on a Petitioner's refusal to reasonably cooperate could in some cases justify further detention; for example, if a noncitizen withholds the necessary identification, or, as the Ninth Circuit noted in *Lema v. I.N.S.*, "refuses to cooperate fully and honestly with officials to secure travel documents from a foreign government." 341 F.3d 853, 856 (9th Cir. 2003); 8 U.S.C. § 1231(a)(1)(C) ("the alien may remain in detention . . . if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal"). But the Government cannot use indefinite detention to manufacture noncitizens' consent to removal to a third country. To adopt the Government's position on the use of detention to strong-arm third-country removal to Mexico would not only undermine the consent requirement of removals under the present standing agreement but also sanction the use of detention to coerce otherwise unavailable removals.

While the Court has substantial concerns about Petitioner's criminal history, Respondents offer no further argumentation or evidence to show that a change of circumstance has occurred making removal foreseeable. Since the Government did not meet its burden to show a significant likelihood that Petitioner may be removed, Petitioner has established that his present detention violates 8 C.F.R. § 241.13(i)(2), that his detention is unlawful, and that release is warranted.[2]

## CONCLUSION

IT IS HEREBY ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 4 of the Petition.[3]

---

[2] In so finding, the Court does not determine that it is necessarily impossible that Respondents will be unable to show a change of circumstances in the future. But it is Respondents' burden to establish a change in circumstances.

[3] In the interests of judicial economy, the Court declines to address the remaining grounds for relief Petitioner has raised.

2. Respondents are ordered to immediately release Juan Jose Garcia Lopez from their custody. Respondents shall not impose additional restrictions on him than were already present prior to Petitioner's current detention, unless they are determined to be necessary at a future pre-deprivation/custody hearing.
3. Respondents shall provide a status report within five (5) days confirming Petitioner's release.
4. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner without a change in circumstances to warrant Petitioner's re-detention.
5. The Clerk is directed to serve California City Detention Facility with a copy of this Order.
6. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **August 11, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC-10-GarciaLopez-26cv-05318.merits